## McNEIL v. MOLYNEUX.

(Court of Appeals of District of Columbia. Submitted November 16, 1920. Decided December 6, 1920.)

No. 1359.

Patents ⚖️106(1)—Priority in invention of process for joining fabric sections awarded to senior applicant notwithstandng prior decision.

In an interference proceeding relating to claims for a process for joining sections of fabric, senior applicant held entitled to priority, notwithstanding a decision denying priority to him in an interference case relating to machines for carrying out the process as to claims containing an element first adopted by another.

Appeal from the Commissioner of Patents.

Interference proceeding between Chester McNeil and George E. Molyneux, relating to a process for joining sections of fabric. From a decision of the Commissioner of Patents awarding priority to Molyneux, McNeil appeals. Affirmed.

Chas. L. Sturtevant and E. G. Mason, both of Washington, D. C., for appellant.

John F. Heine, of Elizabeth, N. J., and Geo. F. Scull, of New York City (Henry J. Miller, of Elizabeth, N. J., and Gifford & Bull, of New York City, on the brief), for appellee.

ROBB, Associate Justice. This in an interference proceeding relating to a process for joining sections of fabric, and in which priority was awarded the senior party, Molyneux, by each of the three tribunals of the Patent Office. Two claims are involved, but claim 1 sufficiently illustrates the invention and is here reproduced:

"1. The process of joining fabric sections consisting in uniting the superposed edges of the fabric sections for stitching, opening the sections of fabric until the major portions lie in substantially the same plane, exerting a strain on the respective fabric sections in opposite directions away from and transversely of the line of stitching, and uniting said fabric sections while under said strain by connected parallel lines of stitches disposed respectively on opposite sides of the first line of stitching."

Appellant contends that our decision in Seymour v. Molyneux, 49 App. D. C. 219, 263 Fed. 471, is controlling here. The issue in that case related to machines for carrying out the process set forth in the present interference, and, inasmuch as all save two of the claims contained the limitation that the auxiliary feed dogs should engage the fabric "in advance of the stitch-forming mechanism," we awarded priority to Seymour as to those limited claims. However, we affirmed the decision of the Patent Office awarding priority to Molyneux as to the broader claims. The counts of the present interference are silent as to the extent of the strain that shall be exerted on the fabric sections at the moment they are united. The one limitation is that the union shall be made while the sections are under a transverse strain. We agree with the Patent Office that the Molyneux application involved in the prior interference (of which the present application is a division) discloses the issue set forth in the counts of the present interference, and since each tribunal of the Patent Office has fully discussed and satisfactorily answered every question involved here, we affirm the decision without more.

Affirmed.